———————o———————

No. 4489.

(Court of Appeal, Parish of Orleans.)

## AMERICAN BREWING CO. VS. MRS. L. WILLIAMS.

1. In a suit for rent, where the privilege of the lessor is claimed and a writ of provisional seizure issues, the main demand is the claim for rent; the privilege which the law accords on the property found in the leased premises and the right to arrest such property in order to make effective such privilege, are but the incidents of the suit.

2. While the main demand is pending and there exists no ground for its determination of the incidents of the cause, separate from and independent of any objection which may operate the dismissal of the main demand, the incidents of the cause abide to the end.

3. Thus, where a married woman is sued for the rent, and she excepts to the petition and prays its dismissal on the ground that her husband alone is suable for the rent, and the court refuses to dismiss the petition, but, on the contrary, continues the cause so that the petition may be amended by making the husband a party defendant, and the ruling is not objected to or appealed from, it is error to set aside the incident of the suit, the provisional seizure.

4. An amendment to the petition once allowed forms part of the pleadings and plaintiff's demand is precisely what it would have

.274

been had the original and amended petition been filed at the same time.

Appeal from Civil District Court, Division D.

Gustave Lemle, for Plaintiff and Appellant.

R. Schwarz, for Defendant and Appellee.

MOORE, J. This was a suit, accompanied by provisional seizure, against a married woman, alleged to be a widow, for a balance of rent due by her for the premises leased to and occupied by her, from the 1st of October, 1904, to September 30, 1907, amounting to the sum of Three Hundred and Six Dollars. She excepted to the petition on the following grounds, to-wit:

"That she is a married woman; that her husband is alive, and has not been cited; that there exists between herself and husband a community of acquets and gains, and that she has been cited to appear in this case without the authorization of her husband." Her prayer is: "That plaintiff's demand be dismissed as void for want of proper form, at its costs." There was judgment, ordering: "That the provisional seizure herein be set aside and matter submitted and three days given to file supplemental petition; otherwise the suit be dismissed."

From this judgment plaintiff appeals.

It appears that prior to the filing of her exception defendant appeared and acted as a femme sole in directing the appointment of a consent keeper of the goods provisionally seized, and, as such femme sole, and claiming no other right than that accorded defendants in such suits, she executed to the Civil Sheriff a release bond in the sum of Four Hundred Dollars in order to obtain, as she did obtain, the release and possession of the property provisionally seized.

This accomplished, she then filed her exception, *supra,* and made proof that she was married to one Matthew Williams on the 1st of February, 1877, but on cross-examination it developed that husband and wife had not lived together for the past five years, "or something like that," as she expressed it.

The record discloses that the defendant made no motion to dissolve or set aside the provisional seizure, or that any effort, by any proceeding, was made by her to accomplish this result,

275

save and except as the consequence of the dismissal of plaintiff's petition, which dismissal was sought, as shown by the exception, *supra*, on the sole ground that the main demand was an obligation due by her husband, she being a married woman, and the debt having been contracted during the existence of the community.

It may not be doubted that the exception was well founded and that the judge *a qua* would have been legally warranted in sustaining the exception and dismissing the suit, which, of course, would have carried with it its incident, the provisional seizure. But the trial judge did not do this. On the contrary, he refused to dismiss the petition, but continued the case and granted to the plaintiff permission to supplement and amend the petition within a period named, so as to make the proper party defendant. Whether the action of the Court *a qua* in permitting an amendment in the particular stated changed the cause of action or not, or whether, as argued by the counsel for appellee, the amendment would thus contain new allegations and cure a radical defect in the original proceedings, is a matter which cannot be reviewed by us, forasmuch as the appellee has not answered this appeal praying for an amendment of the judgment in this particular, nor has she directly appealed therefrom.

The judgment in this particular, whether right or wrong, is now the law of this case, binding on the Court as well as on the parties to the cause. Unable to disturb the judgment to the extent that it orders the continuance and authorizes the amendment to be filed, we must, therefore, confine the inquiry to the question of the consequences which flow therefrom.

The action alleged in the petition is one in *personam* for the amount of rent alleged to be due on a contract of letting and hiring. The privilege which the law accords the lessor on the things found in the leased property as security for the rent, and the right to arrest such property under certain conditions and upon the existence of certain facts, are but the *incidents* of the *main* demand, which is the claim for rent. If the main demand falls, of necessity the incidents fall with it. But if the main demand is still pending there exists no ground (separate from and independent of any objection that may operate against the main demand), for the elimination of the incidents of the cause, these incidents abide in the case to be disposed of by the final decree on the merits. In the instant cause it may not be doubted that

if defendant's husband had *originally* been made a party defendant, the provisional seizure herein *could not have been set aside,* at least for any cause which this record discloses. He was not made the defendant originally, but the lower judge allowed him to be made a defendant by an amendment, *unobjected to by defendant and unappealed from,* and its effect is the same as if he had been made a defendant originally. "An amendment to the petition once allowed forms part of the pleadings *and plaintiff's demand is precisely what it would have been,* had the original and amended petition been filed at the same time." Hen. Dig., Vol II, p. 1182, No. 2.

For these reasons the judgment appealed from must be amended by striking out therefrom that portion of it which sets aside the provisional seizure.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by striking out therefrom so much of said judgment as sets aside the provisional seizure herein, and as thus amended the judgment is affirmed. Appellee to pay the costs of appeal, the costs of the lower court to await final decision on the merits of the cause.

June 15, 1908.

Rehearing refused June 22, 1908.